UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24509–BLOOM

SHERMAN DORSEY,

    Plaintiff,
v.

SOUTH FLORIDA EVALUATION
AND TREATMENT CENTER,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On November 20, 2023, Plaintiff Sherman Dorsey filed a "Complaint [f]or [a] Civil Case" which the Court construes as a Complaint for Violation of Civil Rights Under 28 U.S.C. § 1983.[1] *See generally* ECF No. [1] (claiming that Plaintiff's constitutional rights were violated); *see also United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether the [pleading] is, in effect, cognizable under a different remedial statutory framework." (citation omitted)). As of the date of this Order, Plaintiff has not paid the Court's filing fee or filed a motion for leave to proceed *in forma pauperis*.

Plaintiffs who cannot pay the filing fee may file a motion for leave to proceed *in forma pauperis* so that they may initiate their action without first paying the Court's filing fee. *See* 28

---

[1] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

Case No. 23-cv-24509-BLOOM

U.S.C. § 1915. Under § 1915, a legally sufficient motion for leave to proceed *in forma pauperis* must be accompanied by "an affidavit that includes a statement of all assets such prisoner possesses . . . [and] a certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint . . . ." *Id.* at (a)(1)-(2).

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b). Because Plaintiff failed to pay the filing fee or file a motion to proceed *in forma pauperis*, the Complaint is dismissed for want of prosecution. *See Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) ("[A] district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order.").

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 29, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Sherman Dorsey, *PRO SE*
7080650
South Florida Evaluation & Treatment Center
18680 SW 376th Street
Florida City, Florida 33034